# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VALETTA CAMMERS,**

        Plaintiff,

   **-vs-**

                                  **Case No. 13-C-96**

**CAROLYN W. COLVIN,**
**Commissioner of Social Security,**

        Defendant.

## DECISION AND ORDER

This is an appeal from the denial of an application for social security disability benefits. Valetta Cammers appeared and testified at her hearing without legal representation. A disability claimant can waive the statutory right to counsel, but only if the ALJ explains the manner in which an attorney can aid in the proceedings, the possibility of free counsel or a contingency arrangement, and the limitation on attorney fees to 25 percent of past due benefits. *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991). The ALJ tried to obtain a waiver, but he failed to advise Ms. Cammers about the possibility of contingent representation and the 25 percent cap on attorney fees. Incredibly, the Commissioner asks the Court to ignore this failure because the ALJ "followed internal agency directives, which state that an ALJ needs to explain the availability of contingency representation only when the claimant is illiterate." ECF No. 20, Brief at 15. Internal agency directives should endeavor to conform with black letter law, not the other way around.

Because the waiver is invalid, the burden shifts to the Commissioner to show that the ALJ adequately developed the record. *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994). Without a valid waiver, the ALJ's duty is heightened; he must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Skinner v. Astrue*, 478 F.3d 836, 841-42 (7th Cir. 2007). "While a claimant represented by counsel is presumed to have made his best case before the ALJ, no such presumption attaches to an unrepresented claimant." *Id.* at 842 (quoting *Sears v. Bowen*, 840 F.2d 394, 402 (7th Cir. 1988)).

Apparently resting on its argument that "internal agency directives" trump Seventh Circuit case law, the Commissioner doesn't even try to demonstrate that the ALJ adequately developed the record. In fact, with respect to Cammers' request for a sentence six remand, the Commissioner essentially concedes that Cammers' newly-submitted evidence is material. How can the record be adequately developed if the ALJ admittedly failed to incorporate material evidence? *See, e.g., Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997) ("For sentence six purposes, . . . 'materiality' means that there is a reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered . . .").

It is not necessary to evaluate whether Cammers has met the requirements for a sentence six remand. 42 U.S.C. § 405(g). Cammers' new evidence can be considered in the further development of the record on remand because if the ALJ had properly developed the record, it would have been included and considered initially. For

present purposes, it is enough to remand pursuant to sentence four. *See, e.g., Rivera v. Astrue*, No. 11-C-966, 2012 WL 3150322, at *3 (E.D. Wis. Aug. 1, 2012) ("if the ALJ can be faulted for failing to hold the record open or otherwise obtain and consider important evidence, the remand should be under sentence four, rather than sentence six").

Accordingly, Cammers' motion for summary judgment [ECF No. 11] is **GRANTED**. The Commissioner's decision is **REVERSED**, and this matter is **REMANDED** for further proceedings. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**